*Northern District*

No. 6183

**BENJAMIN TERRY**

v.

**MARY SOUZA, ADMINISTRATRIX**

*Present*: Brooks, P.J., Connolly, & Yesley, JJ.

Case tried to *Durkin, J.* in the District Court of Eastern Essex. Remand No. 183-62.

*Connolly, J.* This action of tort is based on alleged negligence of the defendant's intestate in the installation of an oil burner in the home of the plaintiff. After the installation

of the oil burner, there was a fire caused by the oil burner and as a consequence, certain household goods and clothing of the plaintiff were damaged.

At the conclusion of the evidence, the plaintiff seasonably filed nine requests for rulings. The trial judge allowed No. 3 and denied the balance. The requests are as follows:

1. The evidence requires a finding for the plaintiff.

2. The evidence does not require a finding for the defendant.

3. The evidence warrants a finding that the plaintiff and/or members of his family were at all times exercising due care up to the time of the explosion.

4. The evidence requires a finding that the stove or oil burner, up to the time of the explosion was entirely in the control of the defendant, James Souza.

5. As a matter of law, the circumstances surrounding the explosion were peculiarly within the knowledge of the defendant, James Souza.

6. As a matter of law, the explosion described by the plaintiff is one which does not, in common human experience, happen without negligence.

7. The evidence requires a finding that the defendant's negligence caused the explosion.

8. As a matter of law, the defendant's (James Souza) act of repairing the oil burner furnished the ground for a presumption that negligence set the explosion in motion.

9. As a matter of law, the Court must infer from the explosion that it would not have happened unless in some respect the defendant had been negligent.

The trial judge found for the defendant and made the following finding of fact:

"Upon all the evidence, I find as a fact that the deceased defendant, James Souza, was not negligent in the work that he did in servicing the oil burner in the plaintiff's home."

The finding of the trial judge on all the evidence that the defendant's intestate was not negligent required the ultimate finding for the defendant. *Brodeur v. Seymour,* 315 Mass. 527.

 Although we do not think it necessary in view of the above to decide whether the trial judge dealt correctly with the plaintiff's requests, we do suggest that several of them violate Rule 27 of the District Courts (Nos. 1, 2, 4 and 7) ; that several are requests for finding of fact (Nos. 4 and 5) ; that several are immaterial in view of the explicit finding that the defendant was not negligent (Nos. 6, 7, 8 and 9) and all were properly denied.

There being no prejudicial error, *the report is dismissed.*

Merrill B. Nearis, for the Plaintiff.
Solomon Sandler, for the Defendant.